[Cite as *State v. Cartwright*, 2023-Ohio-819.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                            No. 111801

    v.                                 :

CRYSTAL CARTWRIGHT,              :

    Defendant-Appellant.     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 16, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-666307-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Samantha M. Sohl, Assistant Prosecuting Attorney, *for appellee*.

Charles Ruiz-Bueno Co., LPA, and J. Charles Ruiz-Bueno, *for appellant*.

ANITA LASTER MAYS, A.J.:

{¶ 1} Plaintiff-appellant Crystal Cartwright ("Cartwright") filed this delayed appeal of the trial court's sentence under S.B. 201 known as the Reagan

Tokes Law ("Reagan Tokes") on the ground that the law is unconstitutional. We affirm.

## I.    Facts and Procedural History

{¶ 2}    Cartwright was indicted on the following counts:

| | |
|---|---|
| Count One | Felonious assault of victim 1, a felony of the second-degree in violation of R.C. 2903.11(A)(1); |
| Count Two | Felonious assault of victim 2, a felony of the second-degree in violation of R.C. 2903.11(A)(2); |
| Count Three | Felonious assault of victim 3, a felony of the second-degree in violation of R.C. 2903.11(A)(2); |
| Count Four | Felonious assault of victim 3, a felony of the second-degree in violation of R.C. 2903.11(A)(1); |
| Count Five | Discharge of a firearm on or near a prohibited premises, a felony of the second-degree in violation of R.C. 2923.162(A)(3); and |
| Count Six | Aggravated riot, a felony of the fourth-degree in violation of R.C. 2917.02(A)(2). |

{¶ 3}    One- and three-year firearm specifications under R.C. 2941.141(A) and 2941.145(A) attached to Counts 2 through 6. The case was returned to the grand jury after discovery, a codefendant was added, and Cartwright was reindicted for the same counts in the instant case.

{¶ 4}    On April 14, 2022, a jury found Cartwright not guilty of Counts 3 and 4 and she was convicted of the remaining counts. Cartwright was sentenced on May 25, 2022. Cartwright was sentenced to a total stated sentence of a minimum of ten years and maximum of 12 years under Reagan Tokes, and to six years on the

firearm specifications. Cartwright objected to the Reagan Tokes portion of the sentence on the ground that the law is unconstitutional.

{¶ 5} Cartwright assigns as error that:

1.  As amended by Reagan Tokes, the Ohio Revised Code's sentences for appellant's qualifying felonies violate the constitutions of the United States and the State of Ohio.

2.  Whether the trial court's mandatory use of R.C. 2967.271 of Reagan Tokes to give indefinite sentences for appellant's felony convictions of the second degree was unconstitutional as Reagan Tokes is, of itself, unconstitutional and void.

{¶ 6} We combine these errors for ease of analysis. Cartwright argues that Reagan Tokes violates the constitutional provisions for the (1) right to trial by jury; (2) separation-of-powers doctrine; and (3) due process guarantees. Based on the authority established by this court's en banc holding in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), the challenges advanced by Cartwright regarding the constitutional validity of Reagan Tokes have been overruled. *See id.* at ¶ 17-54.

{¶ 7} Cartwright's assigned errors lack merit. The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
EILEEN T. GALLAGHER, J., CONCUR

N.B.  Administrative Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision.  For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.